# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohamed Arte, | File No. 25-CV-4515 (MJD/ECW) |
| Petitioner, | |
| v. | |
| Pamela Bondi, Attorney General, Kristi Noem, Secretary, U.S. Department of Homeland Security, Department of Homeland Security, Todd M. Lyons, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, Daren K. Margolin, Director for Executive Office for Immigration Review, Executive Office for Immigration Review, David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | **ORDER** |
| Respondents. | |

David L. Wilson, Gabriela Sophia Anderson, Wilson Law Group, Minneapolis, MN, for Petitioner Mohammed Arte.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents.

1

This matter is before the Court on Petitioner's Emergency Motion for a Temporary Restraining Order (TRO) against Respondents. (Doc. 4.) For the reasons explained below, the Court grants the motion in part.

## I. BACKGROUND

Petitioner is a native of Ethiopia who entered the United States without inspection on June 30, 2024. (Docs. 1-2 at 1; 6 at 1; Ex. B.) He was released on his own recognizance on the same day. (Ex. A) Petitioner has no criminal history, (Doc. 6 at 1.)

On December 3, 2025, Respondents took Petitioner into custody without notice. Petitioner is in custody in a facility in Minnesota. He was last held at Fort Snelling, but it is now unknown at which facility he is being held. (Doc. 1 ¶ 14.) ICE is currently detaining Petitioner pursuant to mandatory detention provisions of 8 U.S.C. Section 1225(b)(2). (Id. ¶ 23.) Petitioner contends that his detention is unlawful and that he is entitled to a mandatory bond hearing under 8 U.S.C. Section 1226(a). (Id. ¶ 71.)

On December 5, 2025, Petitioner filed a TRO, seeking the following relief: (1) an order restraining Respondents from attempting to move him from the State of Minnesota while this petition is pending; and (2) an order requiring

Respondents to hold a bond hearing in accordance with 8 U.S.C. § 1226(a). (Doc. 4 at 1.)

## II.     DISCUSSION

The Court will grant the motion at this time to the extent Petitioner seeks to enjoin Respondents from removing him from this District.

When considering a motion for a TRO, courts consider the following four factors: (1) the likelihood that the moving party will succeed on the merits; (2) whether the movant will suffer irreparable harm absent the injunctive relief; (3) the balance of harms if injunctive relief is granted or denied; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Success on the merits has been referred to as the most important of the four factors. See Wilbur-Ellis Co., LLC v. Erikson, 103 F. 4th 1352, 1356 (8th Cir. 2024). Ultimately, the Court must "flexibly weigh the case's particular circumstances to determine whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir. 1998) (citation omitted). The moving party bears the burden to establish these factors. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

The Court finds that the record indicates that the factors weigh in favor of granting Petitioner's request to enjoin Respondents from removing Petitioner from this District. As the Honorable Jeffrey M. Bryan said in a similar case, "Given the uncertainty in these proceedings to date, justice requires keeping [Petitioner] in this District until the merits of his underlying habeas action can be determined." Victor V. v. Bondi, et al., No. 25-cv-4480 (JMB/ECW) (D. Minn. Dec. 4, 2025).

Transferring Petitioner out of this District will cause Petitioner irreparable harm: he may lose access to counsel, he may no longer be able to participate in litigation, and the Court may lose jurisdiction over the custodial Respondents. These are injuries that are concrete and imminent and that cannot be remedied after they occur. By comparison, there is no indication that Respondents will experience any harm from an order temporarily prohibiting his transfer out of the District. Hoque v. Trump, et al., No. 25-CV-1576 (JWB/DTS), Doc. No. 15 (D. Minn. Apr. 22, 2025) (temporarily enjoining respondents from transfer out of district while habeas petition was pending).

In addition, Petitioner has shown that, on balance, the "equities so favor[] the movant that justice requires the Court to intervene to preserve the status quo

4

until the merits are determined." He has also satisfied his burden on the likelihood of his success on the merits. Many courts, including courts in this district, have already issued favorable rulings on similar facts. See, e.g., Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); Eliseo A.A. v. Olson, No. CV 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); Jose J.O.E. v. Bondi, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670 (D. Minn. Aug. 27, 2025).

Preserving Petitioner's access to judicial review and preventing unlawful detention are compelling issues of public importance. In addition, Petitioner's arguments raise a substantial and important question about the legality of the terms of his detention and his right to a bond hearing. Given how heavily the first three factors weigh in Petitioner's favor, he has met his burden to have the Court grant his motion insofar as he seeks an order preventing his removal from this District.[1]

---

[1] The Court determines that a bond under Federal Rule of Civil Procedure 65(c) is not necessary because the TRO seeks to prevent constitutional deprivations and because Respondents face no identifiable risk of monetary loss. A bond is also not necessary because this matter is closely associated with important public interests. See, e.g., Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs, 826 F.3d 1030, 1043 (8th Cir. 2016).

5

## III. ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Mohammed Arte's Emergency Motion for a Temporary Restraining Order [Doc. 4] is **GRANTED** in part, as follows:

1. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota;

2. No other person or agency shall remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota on Respondents' behalf;

3. This Order is effective immediately and shall expire fourteen days after the date of entry unless Petitioner shows good cause for its extension. In the event the Court determines that an extension of this fourteen-day period of time is necessary, the Court will set a briefing schedule by separate order; and

4. By no later than 6:00 p.m. on December 5, 2025, Respondents shall also file a letter on CM/ECF indicating whether they will agree not to move Petitioner outside of the District of Minnesota pending the matter's resolution.

Dated: December 5, 2025                         s/Michael J. Davis
                                                Michael J. Davis
                                                United States District Court